**In re Kurt CLAYWELL, Debtor.**

No. 05–23197.

United States Bankruptcy Court, D. Connecticut.

April 5, 2006.

Anthony S. Novak, Wethersfield, CT, Chapter 7 Trustee.

Thomas E. Benneche, Simsbury, CT, for Objector Jeffrey L. Battison.

Eric Onore, Zuboff & Onore, Manchester, CT, for Pleasant Valley Company, LLC.

*RULING ON OBJECTION TO TRUSTEE'S NOTICE OF PROPOSED SALE*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

## I.

Presently before the court are the Chapter 7 trustee's pleading entitled "Trustee's Notice of Intent to Sell Real Property Known as 123R Case Street, Granby, Connecticut at Private Sale Pursuant to 11 USC § 363 and Opportunity to Make Better and Higher Offer" ("the notice"), and an objection filed by an adjacent landowner. A hearing on the notice and objection was held on February 8, 2006.

## II.

### BACKGROUND

Kurt Claywell ("the debtor") filed a petition under Chapter 7 on September 20, 2005. Anthony S. Novak ("the trustee"), Chapter 7 trustee in the debtor's bankruptcy case, on January 4, 2006, filed the following notice:

Please take notice that Anthony S. Novak, Trustee of the above-captioned estate, intends to sell at a private sale pursuant to 11 USC § 363 to The Pleasant Valley Company, LLC, the estate's interest in the real property located at 123R Case Street, Granby, Connecticut which consists of a one-half interest in 114+/acres of undeveloped land (the "Property") for the sum of $670,000.00. The record owner of said Property is Kurt Claywell and Cheryl Claywell. Being the same parcel of land granted to Kurt C. Claywell and Cheryl Jones (now Cheryl Claywell) in a Warranty Deed dated August 11, 2002 and filed in Vol. 268 at Pg. 82 of the Barkhamsted land records (the Property is located in both the Towns of Granby and Barkhamsted)

There are certain mandatory conditions to this sale including approval of this sale by the Connecticut Superior Court ... as said Property is the subject of disputed ownership pending in the Connecticut Superior Court, Family Division. In addition, said sale requires the purchaser to obtain the one-half interest of Cheryl Claywell.... Consequently, Cheryl Claywell, the estranged wife of the Debtor, must also consent to the sale since there has been a claim made in the Superior Court, Family Division that she may have a one-half interest in the Property, and may also claim an interest in the entire ownership in the Property pursuant to the Superior court dissolution proceedings.

The sale for $670,000.00 is contingent upon the entire parcel being sold free of the interests of both Cheryl Claywell and Kurt Claywell, as one entire parcel. There has been no allocation to date as to the proper ownership of the 114 acre parcel. It is anticipated that all claims to the Property including the ownership claims of Cheryl Claywell will transfer to the proceeds of sale.

. . .

The Trustee intends to sell said asset, without representations or warranties of any kind, express or implied, including, without limitation, representations of marketability and/or fitness for any particular purpose.

Any person wishing to make a higher bid or better offer on said asset or objecting to said private sale should notify the Trustee, Anthony S. Novak, at Chorches & Novak, P.C., 1331 Silas Deane Highway, Wethersfield, CT 06109 and the Clerk of the United States

Bankruptcy Court, *in writing*, 450 Main Street, Hartford, CT 06103, no later than 5:00 p.m. on the 25th day of January, 2006. A hearing shall be scheduled on any such objection to any such private sale on the *28th* day of January, 2006 at *11:00 a.m.* at the United States Bankruptcy Court, 450 Main Street, Hartford, CT 06103.

If no objections are filed with the Clerk of the Court, and served upon the Trustee, by 5:00 p.m. on the 25th day of January, 2006, the Trustee shall proceed with the private sale. Objections not timely filed and served shall be deemed waived.

In addition to the contingencies stated in the notice, the trustee advised at the hearing that the property is also the subject of an adversary proceeding in this court, commenced on November 15, 2005 by the trustee against Cheryl Claywell, seeking to recover, as fraudulent, the debtor's transfer to her, in August, 2002, of a one-half interest in the property.

Jeffrey L. Battison ("Battison"), a neighboring landowner who holds a right of first refusal for the property, notified the trustee on January 20, 2006 of his intention to purchase the property by exercising such right. Battison, on February 2, 2006, filed an objection to the proposed sale on the grounds that it would impair the right of first refusal to which he is entitled in accordance with the terms of an "Easement, Restrictive Covenant and Agreements Between Jeffrey L. Battison and Kurt Claywell and Cheryl Jones," recorded in the land records on August 19, 2002.

### III.

### DISCUSSION

■ The trustee may give notice of a proposed sale of estate property, providing an opportunity for objections, and a hearing if there are objections. *See* Fed. R. Bankr.P. 6004. In the absence of an objection, a court order approving the sale is not normally entered. *See* 3 *Collier on Bankruptcy* ¶ 363.02[1] (15th ed. rev.2005). Once an objection has been filed, the trustee may not proceed with the sale without court approval. *See, e.g. In re Stroud Ford, Inc.,* 205 B.R. 722, 726 (Bankr. M.D.Pa.1996) (if an objection is filed, the trustee does not have the authority to proceed with the sale until the court has ruled). Furthermore, "even though court review is not required, neither is it prohibited: a bankruptcy judge may choose to review the propriety of any disposition of assets under Section 363(b), even in the absence of an objection." *In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 n. 8 (Bankr.N.D.Ill.1994).

■ The trustee acknowledged, in the notice and in his statement at the hearing, that the debtor's estate does not hold clear title to the property at the present time. "A bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the debtor in fact owned the property." *Warnick v. Yassian* (*In re Rodeo Canon Development Corp.*), 362 F.3d 603, 608–09 (9th Cir.2004) (subsequently withdrawn based on stipulation of parties regarding facts).

■ In as much as the trustee concedes that the debtor's estate does not hold title to the property the trustee proposes to sell, the court cannot, at the present time, enter any order of sale.

### IV.

### CONCLUSION

In accordance with the forgoing discussion, the court concludes that the trustee may not sell the property until the issues

concerning its ownership have been further resolved.  It is

SO ORDERED.